(117 App. Div. 267)
### NATIONAL GUM & MICA CO. et al. v. CENTURY PAINT & WALL PAPER CO. et al.

(Supreme Court, Appellate Division, First Department.   January 25, 1907.)

PLEADING—AMENDMENT—REFORMATION OF INSTRUMENTS.

In an action on a written contract, which had been executed in the form it was on the insistence of the plaintiffs that it clearly expressed their intended agreement, which was not in dispute, but plaintiffs afterwards insisted on another construction of the agreement, defendants, in the absence of laches, should be permitted to amend their answer to ask for a reformation of the contract to show clearly the agreement intended.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 39, Pleading, §§ 783, 793–811.]

Appeal from Special Term, New York County.

Action by the National Gum & Mica Company and another against the Century Paint & Wall Paper Company and others.   From an order denying the motion of defendants Century Paint & Wall Paper Company and another for leave to serve an amended answer asking for a reformation of the contract on which the action is based, they appeal.   Reversed, and motion granted.

Argued before PATTERSON, P. J., and INGRAHAM, McLAUGHLIN, LAUGHLIN, and HOUGHTON, JJ.

Henry G. K. Heath (Claude Gignoux, on the brief), for appellants.

Jerome N. Buck (Edward A. Alexander, on the brief), for respondents.

LAUGHLIN, J.   It appears that the appellants, at the time the contract was executed, objected to its phraseology and asked that it be amended in the particulars in which they now seek to have it reformed, that its meaning might be clear, but that they were induced to refrain from insisting upon such amendment upon representations made in behalf of the plaintiffs that the contract as drafted did clearly express the agreement, as to which there was no dispute, and that the

proposed amendment was not necessary. The appellants, in their pleading which they seek to amend, admitted the execution of the agreement, and that they do not now deny; but they charge that the plaintiffs have taken advantage of the phraseology, which the appellants at the time of the execution of the contract deemed ambiguous, and now contend for a construction contrary to the agreement as actually intended by both parties at the time. They claim that the plaintiffs now contend for an erroneous construction, of which, until the recent decision of the Special Term in Kings county in the case of Kalbach against them, they did not deem the contract fairly susceptible. They now, however, ask to have the contract reformed to clearly express the agreement which the parties intended to make by the contract as drafted. They are not guilty of laches, and they should be afforded an opportunity to establish, if they can, facts which will warrant the court in reforming the contract before they are obliged to comply therewith. It is doubtful whether the contract is susceptible of the construction for which the plaintiffs contend; but, in the circumstances, the appellants should not be obliged to run the risk of a favorable construction, and should be permitted to have their pleadings in such form that they may, if necessary, demand the reformation of the contract. Since, however, the effect of granting the application will be to take the case off the calendar and delay the trial of the issue, and to present a new issue, the amendment should only be granted upon payment of all costs of the action to date.

It follows that the order should be reversed, with $10 costs and disbursements, and motion granted, upon payment of all costs to date. All concur.